and we have a time allocation. Good morning may it please the court my name is Jordan Kimura and I represent the Appellant Cross Appellee Hawaii Management Association. Council I can tell you right now I'm having trouble hearing you if you might speak up a bit it'll be helpful to me. Yes your honor. Thank you. That's a lot better thank you. Together with me in the court is David Minkin. I am sharing five of my 15 minutes with Amicus HMSA and I'd like to Your honors there are two issues at stake here. The first is the issue of remand and the second is the issue of conflict preemption under section 502a of ERISA. I'd like to first focus the attention on conflict preemption under section 502a and here the district court committed reversible error by failing to find that the state statutes relied upon by Mr. Rudel were were preempted due to their conflict with the exclusive remedial scheme set forth in section 502a of ERISA. This is notwithstanding the district court's finding that portions of 663-10 of the Hawaii revised statutes do in fact duplicate supplement and supplant in ERISA 502a remedy but the district court then limited this finding to a complete jurisdictional analysis for removal purposes and this holding is Austin versus Blue Cross Blue Shield or in the Ninth Circuit citing Pilot Life Insurance Company versus Dodo a US Supreme Court case from 1987 held that preemption due to a conflict with ERISA's exclusive remedial scheme set forth in section 502a of ERISA defeats a state law cause of action on the merits. The circuit also held that whether or not the state statute is exempt from 514 express preemption it may still be conflict preempted under section 502a. Also helpful to this analysis is the US Supreme Court's decision in Rush Prudential versus Moran a 2002 decision where the US Supreme Court held that a state may provide for a type of review that would so resemble an adjudication as to fall within Pilot Life's categorical bar. So I have a question just sort of a housekeeping question. Is it true that the party stipulated that if we find that Hawaii statutes are the relevant rule of decision then HMAA's lien is not valid? Yes your honor well it's not it's not that it's not valid it's that HMAA would take nothing by its name because the process in which 663-10 requires a health insurer to go through the lien determination process results in a limitation as far as the amount that we would be paid to the lien holder out of the amount of course. So what was the exact stipulation then? Your honor I believe the stipulation was that HMAA would take nothing under it. Because you can't demonstrate a windfall right? That's correct that's correct. Okay. And so section 431 13-103a10 and 663-10 not only provide for the type of review that would resemble an adjudication it actually is the review it actually is an adjudication that supplants 502a accordingly regardless of whether or not any portion of section 431 13-10a10 excuse me 431 13-103a10 or 663-10 of the Hawaii statutes is saved from preemption under 514b2a these state statutes provide that type of adjudicatory review that should have been preempted on the merits. Well so but okay so section 431 explicitly says it governs the practices in the insurance in the business of insurance quote-unquote right? So how does this not fall into the exception under ERISA 514b for the state law that regulates insurance? Well we would submit that the first portion of 431 13-103a10 which prohibits a health insurer from refusing to provide or limiting coverage available to an individual because the individual may have a third-party claim for recovery of damages would be saved under 514b2a. The problem with 431 13-103a10 is that it then references HRS section 663-10 and it provides this adjudicatory process that health insurance health insurers need to go through to have their liens determined and that adjudicatory process in 663-10 provides for discovery and investigative abilities to the lien holder if the lien holder is a mutual benefit society like HMAA or an HMO and that process results in a judgment. It results in a judgment that sets forth the amount due to the recovered in a judgment or settlement. Your honors this is not the first time where we have had a insurance statute that references an adjudicatory process and in fact the Hawaii Management Alliance Association case versus insurance commissioner which is a Hawaii Supreme Court decision in 2004 relied on the holding in Rush Prudential to hold that the state external review statute in the insurance code was conflict preempted due to its reference to the Hawaii Administrative Procedures Act codified in Chapter 91 of the Hawaii revised statutes. That right contained in the insurance statute of either party to seek judicial review under Chapter 91 from the external review process ultimately doomed that statute and the Hawaii Supreme Court determined that that statute the insurance code statute that allowed for the external review that allowed for the judicial review under Chapter 91 of the Hawaii revised statute was preempted on the merits. Well so the Secretary of Labor filed an amicus brief and in support of neither party's position but they're requesting an affirmance right there's there I mean they're not they're not saying they're for either of you but they're saying you're wrong essentially. Well they're saying that the district court correctly decided the removal arguments however they are also agreeing with the district court as far as the preemption analysis is concerned and the problem with that briefing your honor is that it doesn't take into account the fact that 663-10 sets forth this adjudicatory process. The Third Circuit decision in Singh in 2003 painted a clear distinction between a state subsidive insurance law which if saved will provide a relevant rule of decision in an ERISA enforcement action and a state judicial remedy which is conflict preempted under section 502a of the Supreme Court's decision in pilot light even if it was created or authorized by state insurance statute. In that case the Maryland anti-subrogation statute could provide the relevant rule of decision because it did not create a new claim or remedies or enlarge the remedies prescribed in section 502a. That is not the case here. 663-10 does provide an adjudicatory process that falls within Pilot Life's categorical bar. Thank you counsel. Good morning your honors and may it please the court Diane Winterbrook it's for amicus courier Hawaii Medical Service Association. Good morning and so what's your interest in this case? HMSA if I can use that abbreviation is the largest provider of ERISA health insurance in the state of Hawaii. I also was counsel for HMSA in the Nutzle decision. HMSA litigated that to a decision by Judge Susan Okimole and the decision where she concluded that these in this case as an amicus courier so that we can attempt to defend the decision that Judge Mulway reached in the Nutzle case. And now since you have just a little over four minutes what's your best shot? Your honor the problem with what the district court in this case did was that it reframed the insurance code provision in such a way that the court would not have to do the Pilot Life. I have a question about that so I really appreciate you raising it. Are you let me just ask sort of very basically in some parts of the briefing that these statutes are bifurcated and discussed separately and other places were urged to view this as one animal as a state statute that defines a way you know a type of an unfair claims practice. So which way should we view it? Your reference to the district court's decision in this case is a good way to frame that. The extended discussion by the district court of the Hawaii legislative history and the decision in Yukimoto which was of course a non-ERISA case indicates that the judge was far more focused on what the legislature intended to do between those two statutes than on what the legislature in fact did. What the legislature in fact did in the insurance code was force ERISA plans to pop over to state court and subject itself to that alternate adjudicatory remedy under 663-10. Now the Hawaii legislature could do that but it has not and the district court cannot do that in the guise of interpreting these statutes. The insurance code provision does not simply incorporate a limitation on reimbursement to special damages. That's not what HRS 431-13-103-810 says. What it says is you can get reimbursement if you go over to the state court and participate in that state court proceeding to judgment and prove that your lien is not you know that there's no that there is a duplication of damages. So it's the incorporation of the process in the insurance code provision. A state process that allows an opportunity to show that there's a windfall that there has been a windfall an impermissible windfall. Which the district court in this case concluded clearly did conflict with ERISA. So by incorporating in 663-103-103-8106 . . . Well it supplements ERISA. That's your problem right? It's a supplement. That's okay but I'm truly . . . I'm the one interrupting you. Forgive me. But I'm trying to make sure that I understand your argument which is that that is the way I think that because it's this additional what you view is a separate remedy that that's the way in which this is impermissibly complex. I use the term conflict because conflict preemption under pilot life focuses on whether the state law duplicates supplements or supplants. Well it certainly doesn't duplicate right? And whether it supplements or . . . but it seems to me that's that's just the gist of your argument. It is Your Honor. The district court found that the 663-10 process supplemented the remedies under section 502A and yet failed to conclude that the insurance code provision conflicted with ERISA by forcing ERISA plans to go through that preempted process in 663-10. He reframed the statute as if only the limitation was incorporated into the insurance code rather than this entire preempted process. Wouldn't it have been possible for him to conclude that this was a claim that could have been brought in in federal court so it must have been brought in federal court and that wasn't an independent of a plan so that it's a five so that the so the claim you just move it to federal court and proceed and go all the way through the analysis to 514 and then decide a la de Villa at the very end of the analysis that we have to circle back and view this all in light of 502? Yes absolutely and I think one of the problems is that the judge does appear to have only used the 502A analysis on the complete preemption. On the end of the decision tree it just sounded initially that you're tacking this argument to the top of the decision tree I think it's at the bottom you get to the same place but you've answered my question and I appreciate your patience. Absolutely we agree that the statute was completely preempted and and the problem we think is that the court avoided doing the conflict preemption analysis under pilot life with section 502A by rewriting if you will the insurance code provision to do something that arguably would not be objectionable under ERISA. Thank you. Thank you counsel you your time is expired but if you have a few more thoughts you want to share with us that's fine. I wanted to be sure I was able to address any questions the court might have on what the district court had summarily characterized as the summary conclusion of the of the fellow jurist in the NETSL case. Essentially because the NETSL court concluded that there was no cause of action under the insurance code it is there is no private right of action under the insurance code that was not the genesis of plaintiffs claim therefore the only claim was under 663-10 which that court concluded was expressly preempted that was all included in the orders on remand and therefore the court did not feel it needed to go any further than the arguments made in the remand orders in order to conclude that the case should be dismissed on the merits and granted it would have been helpful if she had showed her work I think that would have been helpful to the district court in this case but if the court has no further questions I thank you for allowing me to participate as amicus curiae. Thank you. Good morning and as we say here in Hawaii aloha I'm Alan Williams may it please the court. Alan Williams attorney one of the appellee and cross-appellant Randy Rudell. This can be very complex under ERISA or it can be very simple. Mr. Rudell and all we need to do is look to the stipulation which was the final adjudication of what Mr. Rudell was right of reimbursement. All health insurers have a right of reimbursement. All health insurers have a right to obtain information from their insured about any third-party case. All health insurance carriers must provide benefits even though there is a pending third-party case. That is Hawaii insurance law. Mr. Rudell was exercising his obligation to have that provision of the law. All health insurance companies are entitled to a right of reimbursement. That's what the statute says. The stipulation is clear under Hawaii law HMAA has a right of reimbursement. Under Hawaii law Mr. HMAA agrees that Mr. Rudell through the unfortunate situation limited insurance and the horrific injuries his recovery did not include any amount that corresponds or duplicates what what so what's your best argument for why Mr. Rudell's claims are not completely preempted under ERISA section 502 a based on the two-prong test outlined in Aetna versus Davila two questions I mean two issues on that 502 a judge Seabright was very specific on the the remand that Mr. Rudell could have brought this action under 502 a a1b a1b is not a 503 a3 action so Mr. Rudell was not seeking benefits under the policy which he did by the way in in the first Rudell applying Hawaii law when he filed when when HMAA said we're not providing benefits because you have a third-party case and we cited in the record Mr. Rudell filed an ERISA action because he was asking the court to have the administration pay benefits tell the administrators what to do okay and to look at the plan document that was and by the way HMAA told Mr. Rudell by the way you have to comply with the Hawaii Insurance Code 431 so coming back to your the question Mr. Rudell couldn't was not seeking benefits under the plan he's seeking unencumbered benefits right it's not even unencumbered the the first determination is that if your your honor use the term windfall Hawaii is clear no plaintiff shall receive duplicate recovery if if a hell this is the part I know so I'm not understanding the distinction you're trying to make in response to judge Callahan's question please Mr. Rudell was not seeking benefits under the policy nor were there unencumbered benefits if if if Mr. Rudell's recovery included an amount that belonged to HMSA or HMAA that's HMAA's money it has nothing to do with unencumbered or anything you look at the pot excuse me you look at the pot and you determine is there any amount that duplicates what HMAA paid and that's the only question and HMAA agrees the Department of Labor agrees with the part but not in part I'm not Department of Labor doesn't agree with you on that point right well because it's a mischaracterization of why Mr. Rudell was was filing the petition Mr. Rudell is obligated remember in the Yukimoto decision the Hawaii Supreme Yukimoto versus Tawahara the Hawaii Supreme Court made it clear that in Hawaii all health insurers have a right of reimbursement under Hawaii law it whether it's in your contract or not it's it's it's irrelevant all health insurers that pay benefits in a third-party situation shall have a right of reimbursement and that's what the petition would was seeking to do well but the dispute seems to be grounded in whether the HMAA plan allowed HMAA to be reimbursed for an award from a third-party settlement so how is the dispute not governed by ERISA and the HMAA plan terms because under Hawaii law you don't have to have a contract that requires reimbursement under Hawaii law all health insurers are required or have a right of no matter whether it and take it one step further if the plaintiff is unable to or it does not follow the statute then he is barred from using that statute for a determination of what the right of reimbursement is so under Hawaii law regardless of whether it's in a plan brochure a plan document a it's irrelevant in Hawaii all health insurers have a right of reimbursement which is set forth in the stipulation that we talked about so the only question and in fact if the case is in litigation a circuit of the Hawaii Court cannot dismiss the case either by judgment or stipulation without first making sure that that right of reimbursement is is exercised it's it all health insurers have a right of reimbursement regardless of what documents or plans or anything says I I hope your honor that I answered the question I we we have spent many pages in our in our brief explaining the mischaracterization the misunderstanding of this concept this had nothing to do with asking the plan to pay money to tell the administrator to do something or to rule that the plan somehow was deficient or invalid under Hawaii law you don't even look at a plan again I come back to this all health insurance companies have a right of reimbursement no matter what plain and plaintiffs have to recognize that and the courts have to recognize that and by the way it is not the insurance code which incorporates the the recovery statute or the review statute says any court of competent jurisdiction now under your analysis here why doesn't your client have to give part of what he does so long as there's a determination either by agreement or or a evidentiary hearing whether any part of that recovery belongs to HMAA duplicates or corresponds to what they paid that that's what the court needs to determine if this was HMSA HMAA has an absolute right to recover in a third part of a special damages only right right they don't have a right to get general damage recover from general damages that are not designated as special damages to duplicate what they pay oh exactly so so it when you keep saying they have a right to reimbursement I just go well not not exactly well they've they have a right of it is a right of reimbursement but from only that portion of the problem that the opposing counsel has been stressing now very forcefully is that the mechanism that the state statutory scheme provides for that a judicatory mechanism is something that supplements a risk it's not in there so that's for me that's the hub of the argument again we come back to what a risk what in civil enforcement are we talking about are we talking about 502 a 1b which is to seek benefits under the policy which mr. Rudell did and in his first action he filed an Arisa action applying Hawaii law so so under the district court if we were to affirm the district court because the district court denied summary judgment because you're both you're both cross appellants and appellees or whatever on those so the practical effect of the denial of summary judgment to the other side where does that leave your client it there's a determination that under Hawaii law none of the the proceeds duplicate what they pay remember how is that different than under a remand under a remand the court would make that make that determination just what portion of the recovery duplicates what what was paid or I mean what so how what how's it different I'm just trying to understand how's it different for your client if we if it has that issue still either way the district judge here leaves open some determination as to what part your client gets to keep right we believe that that this is not a 502 a 1-3 action well I'm trying to figure out just practically why is it more favorable for you to be in state court than in federal court here because there would be no jurisdiction in federal court I know but what but the insurance company didn't win in federal court they didn't get summary judgment so what's left to determine if we affirm the district court here so there's two issues number one whether this case should have been in federal court in in the first place and then the second second on the summary judgment part what's still left to be determined in the district court nothing because of the stipulation yes because of the stipulation it adjudicates I mean I understand you're going to be that you never wanted to be in federal court and you won in federal court and so you're preserving your right to go back to state court if we don't agree with if we are we're our view of preemption is different we I mean I think what judge Callan is saying why are you seeking to go back to state court now when you won in federal court because we do not truly believe that this falls under the 502 a 1 a 1 3 a 1 B civil enforcement provision seeking benefits under the policy but I'm just trying to ascertain the practical effect for your for mr. Rudell here well the practical effects they go back to state court they litigate there well the stipulation would we would enter into the stipulation too so we're not asking your ultimate position is that no no part of the settlement that the settlement did not contain any special damages that's that's correct factually factually well by agreement by by agreement that that they could not show that he recovered anything other than general damages that that was the effect of what they were saying again we come back to this we are not asking and to one quick point on on the same Ariana Levine worth cases those were all asking the court to do something in regards to the plan either ordering the plan to reimburse the plaintiffs or in joining the plan and and and penalize the pan plan we are not asking the plan to do anything and by the way we are disputing whether there is this is not a 502 a 3 action HMA a has not filed an action to recover benefits under the plan it's still a little trickier than anyone ever wants to admit unfortunately with Arisa it it becomes it can become complex or as we are not asking for the plan to pay us anything we're not asking the court to tell the administrator to do anything neither are we telling that the court to rule on on any sort of contractual or plan document that has nothing to do because under Hawaii law it's plain and simple all insurance companies have a of reimbursement factually it must be determined whether the recovery in fact duplicates that that amount this has nothing to do with asking the plan to do anything the Department of Labor doesn't agree with you do they by by again mischaracterizing or misunderstanding the nature of Hawaii law yukimoto versus tower tower horror the Hawaii Supreme Court made it clear that under Hawaii law all health insurance insurance carriers have a right of reimbursement that is the statutory right it was based upon and included in the insurance code based upon the the determination of the legislature for a myriad of reasons my time is up right now thank you thank you counsel thank you your honors mr. Riddell cites to the yukimoto decision of the Hawaii Supreme Court the problem with the yukimoto decision is that it didn't involve an Arisa plan the yukimoto decision involved a sponsored plan by mr. Riddell's employer is an Arisa plan that has never been disputed by mr. Riddell and if it's an Arisa plan there is no right to reimbursement in the plan then there's no right to reimbursement at all I'm over here just just a bit if I if I decide that just for my scorecard that I think this case needed to go forward under our authorities needed to go forward in federal court agree with the district court about that and then and but then further agree with the district courts analysis under 514 B the Hawaii Kentucky Association test right if I get to that then I was asking your colleague a minute ago about this cautionary note what I think of as a cautionary note at the end of Davila that we circle back you know post ward we have one sort of line of case law up until board I think and then Davila seems to me to really change the discussion and as this what I view a back to 502 but I think they're what that opinion is talking about and it's a little slippery but I think it's talking about another cause of action there's other places in the case law where he talks about a claim a different claim and that's inherently ambiguous because we know if we're talking about a claim under the plan or a claim is in a cause of action but at the end of Davila I think that justice Thomas writing for the court is pretty clearly speaking about the cause of action is he I guess that's not really a question but but I think if I'm understanding your earlier argument that you're an analogizing or equating the Hawaii's adjudicatory process to a separate cause of action is that right yes your honor and I would also why is that a fair assumption that it's really a separate cause of action it's a way to figure out whether there's been a windfall but can you kind of for me that's the nub of it well it's a cause of action in a sense that you have to go through an adjudicatory process and it results in a judgment where it results we're gonna result in a judgment no matter where we land up here because it's a declaratory relief so that doesn't help me very much well the order would also declare what the lien holder is entitled to under 663 dash 10 but why is trying to to it seems to me announce that there's a there's a combination of an unfair claims practice and a tort reform statute right there just certainly isn't going to be any windfall or double recovery Hawaii's as indicated but that's it's very clear intent and there has to be a way of figuring that out and here what we have tragically is damages special damages that are so high that the insurance company as I see it is just not taking that on not not really even contesting it they couldn't show that because that I think available limits were one and a half million dollars but that's really just a function of what happened here and we have to look a little farther about the way this scheme is supposed to there's a stipulation or not here it still brings me back to trying to figure out whether or not it's fair to characterize the Hawaii's mechanism for enforcing this rule as a separate cause of action and I think I understand you to say that you agree that Davila is really looking for and suggesting we can't have a separate cause of action right that's good would be consistent with another case that we have was authored by Judge Fletcher forgive me for not remembering the name of it is the case that that turns on whether there was an oral contract a telephone call to the insurance company and he said well this isn't a 502 action at all it's not it's not they're not looking for benefits that arise out of a plan at all there was apparently allegedly a telephone call so it was an oral contract situation right so so that this case law seems to really reinforce that we're looking for a separate claim in this sense of cause of action not a mechanism to determine whether or not there was in fact a windfall well I think it's also helpful to remember your honor that if if we are looking at 502 a with work without regard to the Hawaii statutes and we are looking at to as to what the plan provides and that that would be the cause of action because under what would be the cause of action you can't do this the plan says we're gonna be reimbursed off the top every time right basically it does so so what would be the cause of action well the cause of action would be the adjudication of the lien and it would be pretty much I would suppose an open and shut I don't understand what you mean I'm asking very literally what the cause of action would be you mean just a declaratory relief that the plan says that and that would be open and shut end of story so that Hawaii statute couldn't Hawaii legislature wouldn't be allowed to to limit in in this way the way an insurer can do business in Hawaii to the so in in your view of the world and I don't mean to be provocative here but I think in your view of the world Hawaii wouldn't be allowed to have the earlier statute that was enforced in this case the statute that said you can't condition benefits upon withhold benefits on the basis that somebody may or may not have access to third-party recovery no your honor because that statute is actually saved from preemption and we would submit that it's safe from preemption number 514 thank you thank you counsel thank you thank thank all of you for your arguments this morning the case just heard will be submitted for decision
judges: Thomas, Callahan, Christen